UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JENSKY CHARLES, 762-289,

                 Plaintiff,

                                     MEMORANDUM & ORDER
     -against-                     21-CV-5422(JS)(JMW)

JOHN DOE #1, Patrol Officer, MTA
Police Department; JOHN DOE #2,
Patrol Officer, MTA Police
Department; JOHN DOE #3, Detective,
MTA Police Department; JANE DOE #1,
Assistant District Attorney; JANE
DOE #2, Senior Parole Officer;

                 Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:     Jensky Charles, pro se
                  762-289
                  Suffolk County Correctional Facility
                  110 Center Drive
                  Riverhead, New York  11901

For Defendants:    No Appearances.

SEYBERT, District Judge:

        On or around September 29, 2021, pro se plaintiff Jensky

Charles ("Plaintiff") commenced this action while incarcerated by

filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983")

against five John and Jane Doe defendants:  (1) two patrol officers

(John Doe #1 and John Doe #2) and a detective (John Doe #3) employed

by the "M.T.A. Police Department" (collectively, the "Officer

Defendants"); (2) a Suffolk County Assistant District Attorney

(Jane Doe #1); and (3) a senior parole officer (Jane Doe #2).

(Compl., ECF No. 1.)  Together with his Complaint, Plaintiff filed

an application to proceed in forma pauperis ("IFP") and a Prisoner Authorization form pursuant to the Prison Litigation Reform Act ("PLRA"). (IFP App., ECF No. 2; PLRA Form, ECF No. 3.)

For the reasons that follow, Plaintiff's IFP application is GRANTED; however, his official capacity claims against Jane Doe #1 and Jane Doe #2 are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b); 1915A(b). Plaintiff's remaining claims for malicious prosecution, false arrest, unreasonable search and seizure, and excessive force are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b); 1915A(b). In light of the fact that the state criminal prosecution against Plaintiff remains ongoing, this case is ADMINISTRATIVELY CLOSED. Plaintiff is GRANTED leave to move to reopen this case within thirty (30) days of the conclusion of the underlying criminal matter. Plaintiff is also GRANTED leave to file an Amended Complaint in accordance with this order together with his motion to reopen this case.

## BACKGROUND

Plaintiff utilized the Court's form complaint for civil rights actions under Section 1983 and attached additional pages to elaborate upon his claims. He alleges that, on October 30, 2020 at approximately 12:02 a.m.:

> The officers referred to as John Doe #1 [and] John Doe #2 violated the Plaintiff's 4th

> Amendment Constitutional Rights by ordering
> Plaintiff to step out of vehicle, illegally
> searched the Plaintiff for "marijuana" [which]
> the Plaintiff told the officer he is
> prescribed for medical reason [which] the
> Plaintiff has proof of and unlawfully arrested
> him when officers "unlawfully expanded the
> scope of the traffic stop" by ordering the
> Plaintiff out of the vehicle for purposes
> unrelated to the mission of a lawful traffic
> stop. John Doe # 1, John Doe #2 had all
> necessary information to complete traffic
> stop, instead was bias and profiled the
> Plaintiff because of his "parole status"
> [which] is insufficient probable cause to step
> out the vehicle illegally searching the
> Plaintiff without presenting a "consent to
> search" forum and a lack of substantial basis
> for the search of the Plaintiff and the
> vehicle and unlawful arrest of the Plaintiff.

(Compl. at 6-7.)[1] According to the Complaint, Plaintiff was pulled

over at 2158 Ocean Avenue, Ronkonkoma, New York for a "traffic

violation of window tints." (Id. at 6-7.) At the time of the

stop, an unidentified female was a passenger in Plaintiff's

vehicle. (Id. at 7.) John Doe #1 and John Doe #2 approached

Plaintiff's vehicle and obtained his driver's license and

registration. (Id.) Plaintiff alleges that John Doe #2 then told

Plaintiff to "step out of the vehicle" because John Doe #2 did not

want to "embarrass the Plaintiff by asking him about his parole

status in front of the female the Plaintiff was with." (Id.)

After Plaintiff exited the vehicle, he claims John Doe #2 searched

---

[1] The Court refers to the pagination assigned by the Court's
Electronic Case Filing system and not the page numbers Plaintiff
wrote on the top of each page.

him without his consent and found marijuana.  (Id.)  Plaintiff explained to John Doe #2 that he uses marijuana for medical reasons and "has proof of his 'medical license'" for such use.  (Id.) Plaintiff alleges that John Doe #2 disregarded this "proof" proffered by Plaintiff and then searched his vehicle, finding a "concealed" weapon inside.  (Id.)  John Doe #2 then demanded that Plaintiff turn around; however, Plaintiff ran away because he suffers from "severe anxiety and PTSD [which] is the reason the Plaintiff is subscribed marijuana for the medical reason."  (Id. at 7-8.)  John Doe #2 then allegedly tased Plaintiff, causing him to be hospitalized.  (Id. at 8.)  While he was hospitalized, Plaintiff claims that John Doe #3 and John Doe #4 "illegally searched the trunk of the Plaintiff's car without any warrants." (Id. at 9.)  The Court notes that although John Doe #4 is referred to in the Complaint, he is not a named defendant and does not appear in the caption.  In addition, the Court points out that Jane Doe #1 and Jane Doe # 2, who are named defendants, are not mentioned in the body of the Complaint.  (See generally Compl.)

As a result of the foregoing, Plaintiff claims that the John Doe Defendants deprived him of his Fourth Amendment rights by committing "bias-based" profiling on account of his status as a parolee and unlawfully arresting him.  (Id. at 9.)  Plaintiff

alleges that he has been "illegally detained for over 10 months"[2] and seeks to recover a damages award in the total sum of $10 million. (Id. at 9-10.) Plaintiff further claims that John Doe #1 and John Doe #2 violated his Fourth Amendment rights because they (1) did not have probable cause or consent to search Plaintiff's vehicle; (2) unlawfully expanded the scope of their traffic stop "by ordering the Plaintiff out of the vehicle for 'parole purpose'"; and (3) searched Plaintiff without probable cause or his consent. (Id. at 9.)  Moreover, Plaintiff claims that John Doe #3 and John Doe #4 violated his Fourth Amendment rights by searching the trunk of his vehicle without a warrant. (Id.)  In light of Plaintiff's pro se status, the Court also construes the Complaint to assert claims for false arrest, malicious prosecution, and excessive force, all of which are set forth in more detail below.

---

[2] According to the information maintained by the New York State Office of Court Administration on its public website, Plaintiff is awaiting trial having been indicted and charged with, inter alia, criminal possession of a weapon in the second degree (loaded firearm), unlawful possession of marijuana in the first degree, resisting arrest, unlawful operation of a motor vehicle by an unlicensed driver, and an infraction for an equipment violation (safety glass).  Plaintiff was remanded having not posted bail. See https://iapps.courts.state.ny.us/webcrim_attorney/Defendant Search (last visited Jan. 19, 2022); Toussaint v. Guadarama, No. 21-CV-0032, 2021 WL 1648648, at *1 n.1 (D. Conn. Apr. 27, 2021) ("The Court may 'take judicial notice of relevant matters of public record.'" (quoting Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012))).

DISCUSSION

I.    Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

II.   Legal Standards

A.    Consideration of the Complaint Under 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obligated to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau

of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

      B.   Section 1983

          Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

III.  Application of 28 U.S.C. § 1915

      A.   Claims Against Jane Doe #1 and Jane Doe #2

          1.   Personal Involvement

      To state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

7

The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed.  Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although named as defendants, neither Jane Doe #1 nor Jane Doe #2 are mentioned in the body of the Complaint.  Wholly absent from the Complaint are any factual allegations concerning Jane Doe #1 or Jane Doe #2, let alone conduct, inaction, or personal involvement in the underlying events that is attributable to either of them.  As such, Plaintiff's claims against Jane Doe #1 and Jane Doe #2 "must be dismissed because Plaintiff does not allege any facts showing that anything that [they] personally did or failed to do violated Plaintiff's rights." Moultrie v. Wright, No. 21-CV-3925, 2021 WL 3372031, at *4 (S.D.N.Y. Aug. 3, 2021). Accordingly, Plaintiff's claims against Jane Doe #1 and Jane Doe #2 are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii); 1915A(b).

2.   The Eleventh Amendment

To the extent Plaintiff seeks to recover a monetary award against Jane Doe #1 and Jane Doe #2 in their official capacities as an assistant district attorney and senior parole officer, respectively, these claims are implausible because these Defendants are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  The Eleventh Amendment bars suits brought by a state's own citizens in federal court.  Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006).  The "Eleventh Amendment . . . bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities." Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009); Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (holding when a district attorney decides whether to prosecute, he or she is representing the State, not the county, and is, thus, entitled to invoke Eleventh Amendment immunity); Kalamaras v. N.Y.S. Div. of Parole, No. 15-CV-3775, 2015 WL 6760330, * 2-3 (E.D.N.Y. Nov. 5, 2015) (finding official capacity damages claims against parole officer-defendants were barred by the Eleventh Amendment).

Here, because Jane Doe #1 and Jane Doe #2 appear to be New York State employees sued in their official capacities, Plaintiff's claims for damages are barred by the Eleventh

Amendment.  Kentucky v. Graham, 473 U.S. 159, 165-67, & n.14 (1985)
(barring suit for damages against state officer in official
capacity pursuant to the Eleventh Amendment).  Accordingly, these
claims are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.
§§ 1915(e)(2)(b); 1915A(b).

      3.   Malicious Prosecution

      Even if Plaintiff sufficiently alleged Jane Doe #1's and
Jane Doe #2's personal involvement in the ongoing criminal
prosecution, his malicious prosecution claim is premature.  To
state a claim for malicious prosecution, a plaintiff must allege
that criminal proceedings were initiated or continued against him,
with malice and without probable cause, and terminated in his
favor.  See Mitchell v. City of New York, 841 F.3d 72, 79 (2d Cir.
2016); see also Lanning v. City of Glens Falls, 908 F.3d 19, 22
(2d Cir. 2018) (holding that plaintiff must allege facts suggesting
"the underlying criminal proceeding ended in a manner that
affirmatively indicates his innocence").  "Claims of malicious
prosecution accrue when the relevant criminal proceedings
terminate in a plaintiff's favor."  Lesane v. Doe 1, No. 21-CV-
4746, 2021 WL 3173056, at *3-5 (S.D.N.Y. July 26, 2021) (citing
Bumbury v. City of New York, 62 A.D. 3d 621 (N.Y. App. Div. 1st
Dep't 2009)).

      Here, Plaintiff fails to allege facts that reasonably
suggest a plausible malicious prosecution claim.  Given the ongoing

criminal prosecution, Plaintiff has not -- and cannot at this juncture -- allege that the proceedings ended in a manner that affirmatively indicates Plaintiff's innocence.    Indeed, a conviction would be fatal to Plaintiff's malicious prosecution claim because the proceedings would not terminate in his favor. Thus, as is readily apparent, Plaintiff's malicious prosecution claim is premature and DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).[3]

   B.   Claims Against the John Doe Defendants

      1.   False Arrest

      Federal claims pursuant to Section 1983 for false arrest "rest on an individual's Fourth Amendment right to be 'free from unreasonable seizures, including arrest without probable cause,' and are 'substantially the same as a claim for false arrest under New York law.'"   Wong v. Yoo, 649 F. Supp. 2d 34, 58 (E.D.N.Y. 2009) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).

---

[3] Though far from clear given the absence of any factual allegations against Jane Doe #1, insofar as Plaintiff seeks to impose liability on her for deciding to charge him and for presenting the case to the Grand Jury, she would be shielded from suit by absolute prosecutorial immunity.   Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (Prosecutors are absolutely immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process."); Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (The actions for which a prosecutor is entitled to absolute immunity "include deciding whether to bring charges and presenting a case to a grand jury or a court.").

To succeed on a false arrest claim under New York law, a plaintiff must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Wheeler v. Kolek, No. 16-CV-7441, 2020 WL 6726947, at *4 (S.D.N.Y. Nov. 16, 2020) (internal quotation marks and citation omitted); see also Liranzo v. United States, 690 F.3d 78, 95 (2d Cir. 2012). The existence of probable cause is a complete bar to a claim for false arrest. Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) ("Probable cause is a complete defense to an action for false arrest." (citation and internal quotation marks omitted)); see also Heyliger v. Peters, 771 F. App'x 96, 97 (2d Cir. 2019) (summary order) (Since "[a]n arrest is privileged if it is supported by probable cause," the existence of probable cause to arrest "is an absolute defense to a false arrest claim.").

Further, "[a]n arrest is privileged as a matter of law if the individual claiming false arrest is convicted of the crime for which he or she was arrested." Icangelo v. Doe, No. 13-CV-1638, 2013 WL 1455313, at *2 (E.D.N.Y. Apr. 2, 2013); see also Sanchez v. Miller, No. 20-CV-0620, 2020 WL 1140843, at *6 (S.D.N.Y. Mar. 6, 2020) ("[A] civil rights plaintiff cannot pursue claims that would necessarily be inconsistent with a conviction."). Therefore, if Plaintiff is subsequently convicted of the charges

12

for which he was arrested, to recover damages for an allegedly false arrest, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

First, a review of public records maintained by the New York State Office of Court Administration on its website reflects that Plaintiff's most recent appearance relating to his underlying arrest was January 4, 2022 which was adjourned to February 3, 2022, and the Court notes that a trial has not yet been scheduled.[4]  In light of the fact that Plaintiff's criminal case is still ongoing, his false arrest claim is premature at this juncture and must be dismissed.  Hall v. Salaway, No. 20-CV-4651, 2021 WL 826169, at *4 (E.D.N.Y. Mar. 3, 2021); Birdsall v. City of Hartford, 249 F. Supp. 2d 163, 171 (D. Conn. 2003) ("It is well settled in the Second Circuit that in order to prevail on a cause of action for false arrest . . . a plaintiff must prove that the underlying criminal proceeding terminated in his favor." (citation omitted)).

Second, even if the Court were to consider the merits of Plaintiff's false arrest claim, it must still be dismissed.  As

---

[4] See https://iapps.courts.state.ny.us/webcrim_attorney/Defendant Search (last visited Jan. 19, 2022).

set forth above, an arrest based upon probable cause is privileged and a complete defense to a false arrest claim. "[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrest has committed or is committing a crime." Barnes v. City of New York, 338 F. Supp. 3d 317, 323 (S.D.N.Y. 2018) (quoting Gonzalez v. City of Schenectady, 728 F. 3d 149, 155 (2d Cir. 2013)). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (citation omitted); see also Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001).

Here, Plaintiff alleges that the Officer Defendants searched his vehicle, trunk, and person without probable cause and without a warrant or his consent. However, Plaintiff's other allegations belie Plaintiff's assertions that he was falsely arrested. For example, Plaintiff concedes that he was on parole and initially pulled over due to the window tints on his vehicle. Moreover, Plaintiff admits that he attempted to flee the scene of the arrest after John Doe #2 asked him to "turn around." As such, Plaintiff's Complaint does not allege facts showing that the officers lacked probable cause to arrest him. If anything, it

14

shows the opposite is true and that the officers acted reasonably while conducting the arrest. Following the conclusion of Plaintiff's criminal proceedings, he may file an Amended Complaint to include additional allegations to demonstrate that the underlying arrest was not privileged. Accordingly, Plaintiff's false arrest claim is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

> 2. Unlawful Search and Seizure

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; see Terry v. Ohio, 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." (citation omitted; internal quotation marks omitted)). "As a general matter, '[t]he reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations.'" United States v. Lambus, 897 F.3d 368, 402 (2d Cir. 2018) (quoting Grady v. North Carolina, 575 U.S. 306, 310 (2015)).

Generally, a police officer must obtain a warrant from a judicial officer before conducting a search or a seizure. See California v. Carney, 471 U.S. 386, 390 (1985); New York v. Belton,

15

453 U.S. 454, 457 (1981).  Although a police officer's "temporary detention of a person . . . [after] stop[ping] her vehicle . . . constitutes a seizure for Fourth Amendment purposes, and thus must not be unreasonable," see Gilles v. Repicky, 511 F.3d 239, 244-45 (2d Cir. 2007), officers may stop and detain a motorist when they have "at least articulable and reasonable suspicion . . . that either the vehicle or an occupant is . . . subject to seizure for violation of law." Delaware v. Prouse, 440 U.S. 648, 663 (1979). "[A] police officer may as a matter of course, order" a passenger or a driver out of "a lawfully stopped car." Maryland v. Wilson, 519 U.S. 408, 410 (1997) (citing Pennsylvania v. Mimms, 434 U.S. 106, 108-09 (1977) (per curiam)).

In addition, individuals on parole, such as Plaintiff, "can be subjected to burdens upon their privacy that would be unconstitutional were they applied to the general citizenry, as long as those burdens are imposed pursuant to a regulation that satisfies the Fourth Amendment's reasonableness requirement." Frego v. Kelsick, 690 F. App'x 706, 708 (2d Cir. 2017) (summary order).  "[O]nce a police officer has probable cause to effect an arrest, he has the authority to conduct a search incident to it regardless of the nature of the offense." Joyner v. City of Mount Vernon, No. 09-CV-8982, 2011 WL 3296083, at *4 (S.D.N.Y. July 25, 2011).  Relevant to Plaintiff's claim, a vehicle may be searched without a warrant in two circumstances.  First, under the

16

"automobile exception," a law enforcement officer may conduct a warrantless search of a vehicle where the officer has probable cause to believe that the vehicle contains contraband.  United States v. Babilonia, 854 F.3d 163, 178 (2d Cir. 2017).  Second, an arresting officer may search a vehicle incidental to a lawful arrest "when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest."  Arizona v. Gant, 556 U.S. 332, 346 (2009).

Here, Plaintiff's Fourth Amendment claims hinge upon the same probable cause issue as his false arrest claim.  Accordingly, Plaintiff's claims for unreasonable search and seizure are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii); 1915A(b).

### 3.  Excessive Force

"It is well-settled that '[t]he right to make a lawful arrest carries with it the right to use reasonable force to effectuate that arrest.'"  Rizk v. City of New York, 462 F. Supp. 3d 203, 222 (E.D.N.Y. 2020) (quoting Lin v. Cty. of Monroe, 66 F. Supp. 3d 341, 358 (W.D.N.Y. 2014)).  "The fact that a person whom a police officer attempts to arrest resists, threatens, or assaults the officer no doubt justifies the officer's use of some degree of force, but it does not give the officer license to use force without limit."  Sullivan v. Gagnier, 225 F.3d 161, 165-66 (2d Cir. 2000).  "The force used by the officer must be reasonably

related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer." Id.

Plaintiff alleges that he was tased by John Doe #2 and required hospitalization; however, it appears Plaintiff was tased after attempting to flee the scene of the arrest following the officers' discovery of marijuana and a concealed weapon. (See Compl. at 7-8.)  It is "clearly established that an officer's significant use of force against an arrestee who was no longer resisting and who posed no threat to the safety of officers -- whether such force was by pepper spray, taser, or any other similar use of significant force -- violates the Fourth Amendment." Scoma v. City of New York, No. 16-CV-6693, 2021 WL 230295, at *12 (E.D.N.Y. Jan. 22, 2021) (quoting Jones v. Treubig, 963 F.3d 214, 216 (2d Cir. 2020)), report and recommendation adopted, 2021 WL 1784385 (E.D.N.Y. May 4, 2021).  The Second Circuit has explained that "officers may not use a taser against a compliant or non-threatening suspect." Muschette on Behalf of A.M. v. Gionfriddo, 910 F.3d 65, 69-70 (2d Cir. 2018) (citing Tracy v. Freshwater, 623 F.3d 96-98 (2d Cir. 2010)).  As such, Plaintiff's excessive force claim is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii); 1915A(b).

IV.   This Action is Administratively Closed Pending the
      Resolution of the Underlying Criminal Case

In light of the fact that Plaintiff's criminal case is still ongoing, this action is ADMINISTRATIVELY CLOSED pending the conclusion of the underlying criminal proceeding.  Plaintiff is GRANTED leave to request, in writing, that this case be reopened within thirty (30) days of the conclusion of his state court criminal proceeding, if so warranted at that time.

V.   Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted); see also Patel v. NYU Langone Hosps., No. 20-CV-0112, 2021 WL 4852426, at *4 (2d Cir. Oct. 19, 2021) (absent a finding of futility, a district court should afford a pro se litigant "at least one opportunity to amend his complaint to cure its shortcomings").  Therefore, if Plaintiff timely moves to reopen this case after criminal proceedings are concluded, he is GRANTED leave to submit an Amended Complaint in accordance with this Order.  See Hall, 2021 WL 826169, at *6.

In his Amended Complaint, Plaintiff must properly name John Doe #4 as a defendant and provide any available identifying information concerning John Doe #4 and the other defendants.

19

Plaintiff shall also allege additional facts regarding his claims against Jane Doe #1 and Jane Doe #2 to demonstrate their personal involvement in his claims. Similarly, he must allege additional facts to suggest that the officers did not have probable cause to arrest, search, or seize him as well as facts to suggest that the officers' use of force was excessive under the circumstances. If Plaintiff is convicted of the charges for which he was arrested, he must allege that the conviction or sentence was reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus to recover damages for his malicious prosecution and false arrest claims.

The Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear case number 21-CV-5422(JS)(JMW). Further, because the Amended Complaint will completely replace the original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case. Plaintiff shall include his Amended Complaint together with his letter requesting that this case be reopened within thirty (30) days after the conclusion of his state court criminal proceedings.

<u>CONCLUSION</u>

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 2) is GRANTED; and

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims against Jane Doe #1 and Jane Doe #2 are DISMISSED WITH

20

PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); and

IT IS FURTHER ORDERED that Plaintiff's remaining claims are DISMISSED WITHOUT PRJEUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A (b)(1); and

IT IS FURTHER ORDERED that this case is ADMINISTRATIVELY CLOSED pending the resolution of the state criminal prosecution of Plaintiff; and

IT IS FURTHER ORDERED that Plaintiff is GRANTED leave to request, in writing, that this case be reopened within thirty (30) days of the conclusion of his state court criminal prosecution, if so warranted at that time. **PLAINTIFF IS HEREBY ON NOTICE: FAILURE TO TIMELY MOVE TO REOPEN THIS CASE MAY RESULT IN THE DISMISSAL OF THIS ACTION**; and

IT IS FURTHER ORDERED that Plaintiff is GRANTED leave to file an Amended Complaint in accordance with the guidance set forth above. The Amended Complaint shall be filed together with Plaintiff's written request to reopen this case, which is to be accomplished within thirty (30) days of the conclusion of the state court criminal proceedings; and

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

21

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order to the pro se Plaintiff at his address of record and include the notation "Legal Mail" on the envelope.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  January 19, 2022
        Central Islip, New York